2003 VT 90

**In re S.W., Juvenile**

[833 A.2d 879]

No. 03-278

¶ 1. October 2, 2003. Father appeals from the family court's order terminating his residual parental rights over his daughter S.W. Father argues that the court erred in concluding that his progress toward parenting had stagnated even though he had substantially complied with the services and expectations of the case plan. We affirm.

¶ 2. S.W. was born in December 1999. Father was thirty-one at the time of S.W.'s birth; mother was seventeen and in SRS custody. S.W. has been in and out of SRS custody since April 2000 based on mother's lack of parenting skills. Father has been incarcerated since December 2001 for assaulting mother. In June 2002, S.W. was adjudicated a child in need of care and supervision (CHINS) and placed with her current foster family. In its initial case plans, SRS sought reunification of S.W. with mother. The case plans did not contemplate S.W.'s reunification with father. SRS prepared a disposition plan in August 2002 that contained the same goal of S.W.'s reunification with mother as well as a requirement that father complete any programming required by the Department of Corrections and maintain regular contact with S.W.'s social worker.

¶ 3. In November 2002, SRS changed its case plan goal from reunification to adoption and filed a petition to terminate parental rights. Mother voluntarily relinquished her parental rights, and after a hearing, the family court terminated father's rights. The court concluded there had been a substantial change in material circumstances because father's progress had stagnated. The court found that father had shown little improvement in his parenting ability during the fifteen months since S.W. had been adjudicated CHINS. The court rejected father's assertion that his ongoing compliance with the case plan precluded a stagnation finding. First, the court explained, father had not complied with the case plan because he had not completed the programming required by the Department of Corrections and would not be able to do so until at least February 2005. The court found the completion of these programs essential to father's ability to parent. Second, the court explained that father's to-date compliance with prison programming did not necessarily signify a meaningful improvement in his ability to properly care for S.W. The court found that even if father showed some improvement, a finding of stagnation was appropriate because it was unlikely that father could resume parental duties within a reasonable period of time due to his incarceration, his vulnerability for reincarceration, his need for substantial parenting education, and the lack of any parent-child bond. Thus, the court concluded that a change in material circumstances had occurred, and after weighing the factors set out in 33 V.S.A. § 5540, it concluded that termination was in S.W.'s best interests. Father appealed.

¶ 4. When the termination of parental rights is sought, the trial court must conduct a two-step analysis. *In re B.W.*, 162 Vt. 287, 291, 648 A.2d 652, 654-55 (1994); 33 V.S.A. § 5532(a). The court must first find that there has been a substantial change in material circumstances; second, the court must find that

termination of parental rights is in the child's best interests. *B.W.*, 162 Vt. at 291, 648 A.2d at 654-55. A substantial change in material circumstances is most often found when a parent's ability to care for a child "has either stagnated or deteriorated over the passage of time." *Id.* (internal quotation marks and citation omitted). "Stagnation may be shown by the passage of time with no improvement in parental capacity to care properly for the child." *Id.* (internal quotation marks and citation omitted). However, "the mere fact that a parent has shown some progress in some aspects of his or her life does not preclude a finding of changed circumstances warranting modification of a previous disposition order." *Id.* (internal quotation marks and citations omitted). On appeal, we will affirm the trial court's findings in support of changed circumstances unless they are clearly erroneous, and we will affirm its conclusion if supported by the findings. *In re B.S.*, 166 Vt. 345, 350, 693 A.2d 716, 719 (1997).

¶ 5. Father argues that the court erred in concluding there was stagnation because he has fully complied with the court-approved case plan. He argues that there were no findings or evidence that his pace of compliance or the pace and direction of progress were other than originally expected. Therefore, he argues, the court's conclusion was unsupported and erroneous as a matter of law.

¶ 6. We disagree. First, the trial court found that father had not substantially complied with the case plan. Contrary to father's assertion, his continued participation in DOC programming does not preclude the court from concluding that there was insufficient progress. We explained in *In re D.B.*, 161 Vt. 217, 219, 635 A.2d 1207, 1209 (1993), a case on which father relies, that the change in circumstances that will result in a finding of stagnation is the failure of the expectation that parental ability will improve within a reasonable time after the CHINS adjudication. We explained that the question is not whether the parent has shown any improvement in their parenting skills, but instead "whether the improvement substantially conformed with the expectations at the time of the CHINS adjudication and with SRS's case plan." *Id.* at 220, 635 A.2d at 1209-10. We note that the case plan involved here did not contemplate S.W.'s reunification with father, but was related solely to reunification with mother.

¶ 7. The family court determined that father's parenting ability had not improved during the fifteen months since S.W. was adjudicated CHINS, and it was unlikely that he would be able to resume his parenting abilities within a reasonable period of time. This conclusion is supported by the evidence. As the trial court found, father has been incarcerated since S.W. was one and a half years old. He will not be released from prison until at least February 2004, and the likelihood that he will be sent back to prison is not remote. Father has a history of committing violent offenses, including assaulting S.W.'s mother in S.W.'s presence. Father has not yet completed programming deemed essential to his ability to adequately parent S.W. Father argues that his inability to complete the DOC programming as of the date of the termination hearing was a factor beyond his control, and thus was an inappropriate basis for finding stagnation. However, the trial court found that, even if father were to meet and complete his Department of Corrections requirements, there were other ingredients to parenting, such as a substantial amount of parenting education and education on child development, as well as the establishment of a parent-child bond, that would be required before S.W. could be safely placed with father. As the trial court pointed out, the controlling standard under 33 V.S.A. § 5532(a) is the best interests of the child. See *In re Cr.M.*, 163 Vt. 542, 547, 659 A.2d 1159, 1163 (1995). The re-

cord supports the court's finding that fifteen months had passed with little expectation that father would be able to parent S.W. within a reasonable period of time. See *In re B.W.*, 162 Vt. at 291-92, 648 A.2d at 655. The court's conclusion was supported by the evidence.

*Affirmed.*