*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-126

JULY TERM, 2015

| | |
|---|---|
| In re S.K. and Z.K., Juveniles | }   APPEALED FROM: |

}

}   Superior Court, Bennington Unit,
}   Family Division

}

}   DOCKET NO. 37-4-13/49-4-12 Bnjv

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Mother appeals the termination of her parental rights to her children S.K. and Z.K., born in June 2011 and April 2013, respectively. Mother argues that the court failed to explicitly state that it was making findings by clear-and-convincing evidence and failed to address mother's argument that she was prevented from meeting the case-plan goals by actions of the conditional custodians. We reverse and remand.

The court adjudicated the children as children in need of care or supervision (CHINS) for lack of proper parental care when they were respectively ten months and three days old. The children were initially placed with their maternal grandmother under a conditional custody order, and then, due to her medical problems, conditional custody was transferred to a family friend in January 2014. The children have remained in that home since then. The case plan for parents focused on addressing parents' substance-abuse problems, living situation, parenting techniques and lack of engagement with services.

The children's attorney moved to terminate parental rights. Following a hearing, the court found that parents failed to progress on most of their goals. The court found mother was inattentive, did not accept assistance and could not provide an appropriate home for the children. Father did not remain drug free and was unable to provide a stable home. He was incarcerated at the time of the final hearing and was expected to remain there for a year and a half. The court found the parents' failure to substantially conform to the expectations in their action plans amounted to a change of circumstances. The court further found that termination was in the children's best interests, insofar as mother did not play a constructive role in the children's lives and would not be able to parent within a reasonable period of time. Mother appeals.

Termination of parental rights involves a two-step analysis. As a threshold to altering the prior disposition, the court must consider whether there has been a substantial change in material circumstances. 33 V.S.A. § 5113(b). A change of circumstance occurs "when a parent's ability to care for a child has either stagnated or deteriorated over the passage of time." In re S.W.,

2003 VT 90, ¶ 4, 176 Vt. 517 (mem.) (quotation omitted). It may also be found where a parent's improvement has not "substantially conformed with the expectations at the time of the CHINS adjudication" and with the case plan. In re D.B., 161 Vt. 217, 220 (1993). If this threshold is satisfied, the court must then consider whether termination is in the child's best interests. 33 V.S.A. § 5114(a) (listing statutory best-interests factors). The most important factor is whether the parent will be able to resume parenting duties within a reasonable period of time. In re J.B., 167 Vt. 637, 639 (1998) (mem.). The standard of proof required to terminate parental rights is clear-and-convincing evidence. 33 V.S.A. § 5317(c).

On appeal, we will uphold the family court's conclusions if supported by the findings and affirm the findings unless clearly erroneous. In re J.B., 167 Vt. at 639.

Mother first argues that the court's decision is flawed because the court failed to state explicitly that it was making findings by clear-and-convincing evidence. While the trial court must certainly apply a clear-and-convincing standard in deciding these cases, this Court has not required "an explicit statement by the trial courts as to the standard employed in parental termination cases." In re C.L., 151 Vt. 480, 488 (1989). To determine if the proper standard was met, we examine "the language used by the trial court." Id. In In re C.L., we concluded that the proper standard was used where the court stated that it was "convinced" mother would be unable to resume her parental duties within a reasonable period of time. Id. at 488-89.

Mother points to the fact that the family court in this case did not use words like "convinced" and instead stated that mother was "unlikely" to be able to resume parenting responsibilities within a reasonable period of time as an indication that the court's decision was not made by clear-and-convincing evidence. We agree that the language used by the trial court in this case does not provide assurance that the court utilized a clear-and-convincing standard to evaluate whether there was a change of circumstances and whether termination was in the children's best interests. Although the court acknowledged that termination "necessary," it did not indicate whether it determined that necessity by clear-and-convincing evidence. Therefore, we remand for the trial court to indicate whether its findings on whether there was a change of circumstances and whether termination was in the children's best interests are made by clear-and-convincing evidence. No further hearing is required.

Because this issue will not be resolved by the remand, we also address mother's argument that the court failed to address her argument that she was prevented from meeting her case-plan goals because of interference from the children's custodians. We conclude there was no error. In its written order, the family court acknowledged mother's argument that her efforts to achieve her case-plan goals had been thwarted. Although not explicitly so stated, it is evident from the entirety of the order that the court did not credit mother's contention, and instead found that mother was responsible for her inability to progress. This is clear from the court's findings related to areas that were entirely within mother's control, including that mother continued to use illegal drugs, did not maintain stable housing, refused assistance from social-service organizations, did not play a constructive role in the children's lives, failed to appear for visits, and displayed disinterest when she did attend. Therefore, the court adequately addressed—and rejected based on supported findings—mother's argument that her inability to meet the case-plan

goals was due to interference from the children's custodians.  On remand, the trial court must indicate whether this finding was made by clear-and-convincing evidence.

   <u>Remanded for further proceedings consistent with this decision</u>.

          BY THE COURT:


          _____
          Marilyn S. Skoglund, Associate Justice


          _____
          Beth Robinson, Associate Justice


          _____
          Harold E. Eaton, Jr., Associate Justice